IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVA CHEMICALS CORPORATION                )
(CANADA) and NOVA CHEMICALS INC.          )
(DELAWARE),                               )
                                          )
              Plaintiff,                  )
                                          )
       v.                                 )        C.A. No. 13-1601
                                          )
THE DOW CHEMICAL COMPANY,                 )
                                          )
              Defendant.                  )

---

Richard L. Horwitz and David E. Moore, POTTER ANDERSON & CORROON, LLP,
Wilmington, DE

Ford F. Farabow, Jr., Darrel C. Karl, Ronald A. Blecker, and Mark J. Feldstein, FINNEGAN,
HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., Washington, DC

H. Woodruff Turner and Thomas A. Donovan, K&L GATES LLP, Pittsburgh, PA

Louis J. Freeh and Lawrence Byrne, PEPPER HAMILTON LLP, New York, NY
Raymond A. Miller, PEPPER HAMILTON LLP, Pittsburgh, PA

        Counsel for Plaintiffs


Rodger D. Smith II, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

Anton R. Valukas, Harry J. Roper, Aaron A. Barlow, and Paul D. Margolis, JENNER & BLOCK
LLP, Chicago, IL

Kathleen M. Sullivan, Raymond N. Nimrod, and William B. Adams, QUINN EMANUEL
URQUHART & SULLIVAN LLP, New York, NY

        Counsel for Defendant


**MEMORANDUM OPINION**

September 30, 2015
Wilmington, Delaware

**STARK, U.S. District Judge:**

This action is related to a prior patent infringement lawsuit in this Court involving the same parties, wherein on June 18, 2010 a judgment of infringement was entered against NOVA Chemicals Corporation (Canada) and NOVA Chemicals Inc. (Delaware) (collectively "NOVA" or "Plaintiffs").  (C.A. No. 13-1601 D.I. 1 ¶¶ 4, 7; *see also* C.A. No. 05-737)  The NOVA entities were the defendants in the earlier suit.

Now pending before the Court is The Dow Chemical Company's ("Dow" or "Defendant") Motion for Sanctions, Attorneys' Fees, and Costs against NOVA.  (D.I. 30)  Dow was the Plaintiff in the earlier suit.

For the reasons stated below, the Court will grant Dow's motion to the extent it seeks an award of attorney fees pursuant to 35 U.S.C. § 285.  Dow's motion will be denied in all other respects.

## I.     BACKGROUND

On September 23, 2013, NOVA instituted this independent action in equity to set aside the prior judgment.  (D.I. 1)[2]  Dow filed a motion to dismiss on November 27, 2013 (D.I. 7), and thereafter NOVA filed an amended complaint (D.I. 11).

As is set out in the amended complaint, the instant case was an independent suit alleging serious misconduct against Dow and its attorneys.  Specifically, NOVA alleged that Dow had perpetrated a fraud on NOVA and on the Court in regard to standing to bring suit and infringement, by knowingly presenting false and misleading testimony in the original suit.  (*See, e.g., id.* ¶ 11)

---

[2]Unless otherwise specified, docket citations in this opinion are to C.A. No. 13-1601.

1

NOVA presented two theories to the Court in support of its allegations. First, NOVA argued that Dow never had standing because it did not own the patents-in-suit at the time of the earlier lawsuit:

> Dow, with the assistance of its in-house and outside counsel, engaged in a deliberate scheme to interfere with and to defraud the trial and appellate courts in their adjudication of the Delaware Case on its merits. First, to convince the courts that it had standing, Dow falsely denied that it had in 2002 transferred its patents *en masse* (including its U.S. patents) to a subsidiary in a state tax avoidance scheme. Dow fabricated the story that it had generally withheld its U.S. patents from the transfer. To cover its deceit, Dow deliberately hid material evidence regarding the transfer . . . .

(*Id.*) NOVA alleged that testimony by Dow executive Mr. Valenzuela in unrelated tax litigation in the Middle District of Louisiana disclosed that "all" of Dow's patents were, in fact, transferred in 2002, and "[h]ad this Court been privy to these newly disclosed facts, it would have viewed differently the 2002 Contribution Agreement between Dow and its subsidiary . . . and would have dismissed Dow's complaint in the Delaware Case for lack of standing." (*Id.* ¶ 15)

NOVA's second argument was directed toward the Court's finding of infringement in the original action. NOVA alleged in the instant independent action in equity that, "[O]n the merits of the infringement claims, Dow presented expert testimony that was, on information and belief, known to be false at the time it was given. The expert in question has admitted the true facts in a more recent, related Canadian proceeding." (*Id.* ¶ 11) Specifically, NOVA alleged that Dow's expert Dr. Soares,

> falsely represented to the jury in the Delaware Case that he had successfully separated, and then measured, a 'Component B' required by the claims. In fact, according to Dr. Soares' recent testimony in the Canadian Action, he knew contamination

2

> preventing separation was an issue and never believed that
> separation was possible. Dow's trial counsel knew, or should have
> known, Dr. Soares' testimony in the Delaware Case to have been
> false and unsupported.

(*Id.* ¶ 18)

On March 11, 2014, Dow filed a motion to dismiss NOVA's amended complaint

pursuant to Rule 12(b)(6). (D.I. 15) The Court heard argument on the motion on July 29, 2014.

(D.I. 28) (hereinafter "2014 Tr.") At the conclusion of the argument, the Court ruled from the

bench, granting Dow's motion to dismiss, based on its finding that "NOVA's allegations are not

plausible and further . . . NOVA has not provided a reasonable expectation that discovery will

reveal evidence to support its claim." (2014 Tr. at 52) At bottom, the Court was not convinced

that NOVA had satisfied its pleading obligations in the amended complaint by alleging "the

grave miscarriage of justice which is required under the extraordinary circumstances of a Rule 60

independent action after the final judgment." (2014 Tr. at 54)

The Court elaborated on its reasoning. Regarding NOVA's allegations as to Dow's

purported lack of standing, the Court looked to the Federal Circuit's decision on the original

action, which affirmed this Court's previous finding that Dow had standing. Both Judge Farnan

of the District of Delaware and the Federal Circuit found that the Contribution Agreement was

clear on its face and did not transfer the patents-in-suit to the holding company, as NOVA

alleged in both the original action and the instant action. (*See* 2014 Tr. at 54-55) "It follows that

extrinsic evidence remains not admissible, not material, not relevant to the meaning of the

agreement or to the standing issue. . . . [T]he new evidence, the testimony of Mr. Valenzuela in

another action[,] has nothing to do with the authenticity of Schedule A [of the Contribution

3

Agreement] which is the only point on which this Court considered extrinsic evidence regarding standing." (2014 Tr. at 55-56)  The Court further found that new arguments raised by NOVA that there was a different "Schedule A" than what the District Court and Federal Circuit had previously determined to be Schedule A, were untimely, and in any case the version of Schedule A to which NOVA was now pointing was not created until 2009 and could not have governed the 2005 transfer. (*See* 2014 Tr. at 55-56)

Regarding NOVA's allegations relating to the finding of infringement, the Court found that "[a]t bottom, NOVA has identified nothing more than arguably inconsistent statements by one witness, Dr. Soares.  The cases indicate that even perjury is likely not enough to be the basis for the type of grave miscarriage of justice that an independent action like the one NOVA has brought must allege and ultimately prove. *See, e.g., Herring v. United States*, 424 F.3d 384 (3d Cir. 2005).  Here, NOVA has not even plausibly alleged perjury.  NOVA has not even adequately alleged the purported inconsistency goes to any fact that was materially disputed in the 2005 Delaware action.  It is also notable that . . . [Dr. Soares'] purportedly inconsistent testimony was available to the factfinder [in another action], and that Court found infringement by NOVA." (2014 Tr. at 56)

The Court also noted that "the allegations here are I think just about as serious [as] allegations in civil litigation can be.  NOVA is alleging a conscious, conscientious, deliberate deception by Dow, by its in-house counsel, by its outside counsel, and by at least one of its witnesses, a conscious effort to defraud the District of Delaware, the Federal Circuit, I suppose the Supreme Court as well, as well as NOVA." (2014 Tr. at 53)

The Court held that NOVA had failed to state a claim, even considering all well-pleaded

4

factual allegations in favor of NOVA. (*See* 2014 Tr. at 52) Accordingly, the Court granted

Dow's motion to dismiss the amended complaint and dismissed the case. (D.I. 25)

On September 5, 2014, Dow filed its motion for sanctions, attorney fees, and costs. (D.I.

30) In support of its motion, Dow contends that "[s]anctions are necessary both to compensate

Dow for the time and expense it has been forced to put into responding to NOVA's frivolous

claims, and as a deterrent to attempts by future parties and their attorneys to obtain endless

relitigation without regard for the orderly administration of justice." (D.I. 31 at 11) Dow points

to "three separate but overlapping" mechanisms by which the Court could order sanctions against

NOVA. (D.I. 31 at 12) The first is 28 U.S.C. § 1927, "as a sanction for vexatiously, and in bad

faith, multiplying the proceedings (and associated expenses) connected with Dow's patent-

infringement suit by filing and maintaining this frivolous lawsuit." (*Id.*) Second is 35 U.S.C.

§ 285, "because this case – the satellite of an ongoing patent litigation – is an 'exceptional' one

in which Dow ought not be made to bear the costs of NOVA's unreasonable litigation tactics."

(*Id.*) Finally, Dow argues the Court "should award sanctions under its inherent authority to

police and deter oppressive and bad-faith litigation misconduct." (*Id.*)

NOVA opposed the motion and it was fully briefed. (*See, e.g.*, D.I. 31, 35, 37) After

briefing on the motion for sanctions was completed, NOVA on January 12, 2015 filed an appeal

of the Court's order granting Dow's motion to dismiss the amended complaint. (D.I. 42)

The Court heard argument on the motion for sanctions on March 6, 2015. (*See* D.I. 52)

(hereinafter "2015 Tr.")

On June 9, 2015, the Federal Circuit affirmed this Court's judgment dismissing NOVA's

amended complaint without opinion. (*See* D.I. 53; *see also Nova Chemicals Corp. (Canada) v.*

*Dow Chem. Co.*, 607 F. App'x 993 (Fed. Cir. 2015) (Federal Circuit Rule 36 summary affirmance without opinion))

Also pending before the Federal Circuit in the meantime was NOVA's appeal from this Court's decision in the original action (C.A. No. 05-737) that Dow should be awarded a specified amount of supplemental damages (for infringement that occurred after the period at issue in the first trial). In April 2013, the Court had conducted a bench trial, and then in March 2014 issued an opinion granting Dow supplemental damages for NOVA's patent infringement. (*See* C.A. NO. 05-737 D.I. 760) On August 28, 2015, the Federal Circuit reversed this Court's judgment for Dow, holding that the asserted claims of the patents-in-suit were indefinite under *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014). *See Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 2015 WL 5060947, at *10 (Fed. Cir. Aug. 28, 2015). The mandate in NOVA's appeal has not yet issued, and on September 28, 2015 Dow filed a petition for rehearing and rehearing en banc.

## II. LEGAL STANDARDS

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Third Circuit has interpreted § 1927 to permit fee awards where "an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002). A finding of

6

willful bad faith is required. *Id.* at 181.

"Similarly, an award of fees and costs pursuant to the court's inherent authority to control litigation will usually require a finding of bad faith." *Id.* The Supreme Court has authorized a lower court to use its "inherent power to police itself" and "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted).

In patent law, a court is also authorized by statute "in exceptional cases [to] . . . award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has held that an "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). Ultimately, the Court must make a discretionary decision based on the totality of circumstances. *See id.* A party moving for attorney fees must demonstrate, by a preponderance of the evidence, that a case is "exceptional." *Id.* at 1758.

## III. DISCUSSION

### A. Fees and Expenses under 28 U.S.C. § 1927

Both sides agree that bad faith is required to assess sanctions under 28 U.S.C. § 1927. (*See* 2015 Tr. at 19, 53) Here, although the Court has found that NOVA's suit lacked merit, the Court has further concluded that NOVA was not pursuing this action in bad faith or in an effort to be unreasonable and vexatious. Therefore, sanctions under § 1927 will be denied.

NOVA attached to its briefing on sanctions declarations from several former federal

7

judges, and from other lawyers as well, all of whom had reviewed NOVA's complaint and/or amended complaint, and all of whom stated in one form or another that they believed NOVA had a plausible basis for filing the instant independent action. (*See* D.I. 35 Exs. 1-9) As NOVA's counsel described at the hearing on this motion, "Here, if you are going to prove bad faith, you would have to prove that there was an inadequate pre-suit investigation, that counsel brought the case for reasons other than the merits; which, by the way, there has been no showing in the record that that is the case." (2015 Tr. at 53-54) The extent of the pre-suit investigation in this case does appear to be "extraordinary." (2015 Tr. at 54) NOVA has put forth a great deal of evidence in the form of declarations describing its pre-suit investigation, which shows that NOVA understood the seriousness of the claims it was making, and in recognition of that fact took extra precautions to have the complaint reviewed independently before it was filed. NOVA has, thus, shown that it had a good faith belief that there was a reasonable basis on which to proceed with the independent suit.

There is no credible evidence in the record that NOVA was pursuing this case for any purpose other than to seek relief from what NOVA felt was an unjust ruling in the 05-737 action. The Court does not agree with Dow that this action was nothing more than an attempt to mount costs against Dow to gain a "significant leverage point in negotiations to settle the parties' ongoing, multi-front patent litigation." (D.I. 31 at 17) Nor would it be proper to treat NOVA's failure to state a claim on which relief could be granted as tantamount to a finding of bad faith by NOVA.

As the Court has found NOVA did not act in bad faith, it will deny Dow's request for sanctions pursuant to § 1927.

8

### B.    Fees Under 35 U.S.C. § 285

An award of attorney fees under § 285 is available in a nominally "nonpatent" case where

the nonpatent issues are "intertwined with the patent issues" in the sense that "the rights at issue

. . . properly invoke patent laws." *Interspiro USA, Inc. v. Figgie Int'l Inc.*, 18 F.3d 927, 933

(Fed. Cir. 1994). Because this independent action is an action in equity to set aside a judgment

of patent infringement in the earlier action, and the basis for the independent action was

testimony which allegedly conflicted with that which was presented in Delaware in the prior

proceeding, the Court finds that the nonpatent issues are sufficiently "intertwined with patent

issues" to invoke § 285.[3]

Furthermore, the Court finds this case is exceptional under *Octane Fitness* and will award

attorney fees under 35 U.S.C. § 285. In particular, the Court finds that this case is exceptional,

both in the substantive strength of NOVA's litigating position and in the manner in which the

case was litigated.

NOVA elected to file an independent suit in equity for relief from a prior judgment under

Rule 60, which is an uncommon action, bringing with it an enormously high burden that under

almost all circumstances one should not reasonably expect to be able to satisfy. Even accepting

that NOVA believed everything it alleged, there were other, less inflammatory ways it could have

dealt with the situation.

The Court discussed this point with NOVA's counsel at the hearing on the sanctions

motion. Counsel was, understandably, emphasizing that this suit was filed only after an

---

[3]NOVA does not argue that § 285 does not apply here, but instead argues that this case is
not exceptional and/or that an award of fees is not warranted. (*See* D.I. 35 at 17-20; 2015 Tr. at
56-57)

extensive pre-suit investigation:

> Plaintiffs' Counsel: Paragraphs 9 and 11 [of a declaration] show that he clearly thought there was a basis to call these contradictory statements to the Court's attention . . . They [NOVA] did not rush to file in court but instead continued to review the facts and gather more information.

> The Court: Of course, after all of that, they didn't just bring it to the Court's attention. They filed this extraordinary independent action making very serious allegations against in-house and outside counsel as well as at least one of the witnesses.

> Plaintiffs' Counsel: That's right.

> The Court: Isn't that something far beyond simply just bringing to the Court's attention potential inconsistencies?

> Plaintiffs' Counsel: Well, Your Honor, if that was all there was, was Judge Lifland [who participated in the pre-suit investigation and filed a declaration], that might be an argument that could be made. However, after that was done, NOVA and its counsel brought in both Judge Freeh and Judge Michel. This is a pretty extraordinary thing which shows how serious they were taking this.

(2015 Tr. at 39)

In the Court's view, the "pretty extraordinary things" NOVA did pre-suit *confirm* the extraordinary nature of this case and how it proceeded. Not only was NOVA seeking an exceptional remedy to set aside a prior judgment, they were doing so on allegations of fraud on the court. As previously noted, the allegations were "about as serious [as] allegations in civil

10

litigation can be." (2014 Tr. at 53)  NOVA did more than simply notify the Court of developments in the prior case; instead, NOVA chose to initiate an entirely new lawsuit, an independent action,[4] putting forth the most damaging allegations it could.[5]  The Court cannot condone utilizing such extreme tactics in litigation.  Instead, this is the kind of action that the Court should try to deter by an award of attorney fees to the prevailing party.  The extensive pre-suit investigation NOVA undertook certainly undercuts Dow's assertion that NOVA was proceeding in ***bad faith***, but it does nothing to sway the Court to find that this case is not ***exceptional***.

Despite the high burden which NOVA faced in its suit in equity, NOVA nonetheless moved forward with its theories, theories which the Court ultimately found were not even plausible.  (*See* 2014 Tr. at 52)  Regarding the unreasonableness of the manner in which this case was litigated, Dow argues that in light of "the combination of the nature of the allegations of the pleadings, of the intensity of them, the seriousness of the charges on the one hand and the fact that, as we heard at the merits hearing, the allegations just didn't stand up . . .," this case should

---

[4]NOVA argues the Court cannot find this case exceptional in the way it was litigated because it was never actually litigated; it was dismissed, and therefore "I don't think there has been any vexatious litigation that occurred here." (2015 Tr. at 55)  In these circumstances, where the case before the Court arose from an entire litigated proceeding, the Court finds this narrow definition of litigation unpersuasive.  Furthermore, there is nothing in *Octane Fitness* which prohibits a finding that a case is exceptional if it is dismissed at the early stages.

[5]At the hearing on the motion for sanctions, the Court asked whether NOVA's counsel agreed that the allegations in the amended complaint "are potentially career ending on the folks on the Dow side, if true, and that they besmirch counsel's reputations and put their careers at risk." (2015 Tr. at 57)  NOVA's counsel replied: "I do agree that they were serious allegations, that they did put careers at risk." (*Id.*)

11

be found to be exceptional. (2015 Tr. at 5-6) The Court agrees with this assessment.[6]

NOVA cites cases that it contends show the instant case was not "exceptional." The Court disagrees. NOVA cites *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), stating that there, "[i]n essence, the defendant manufactured documents that ostensibly gave it the right to enforce a patent that it should not have possessed. The Court held that the concocted article constituted a fraud on the Court." (D.I. 35 at 19) NOVA's attempt to compare Schedule A to a falsified article printed to support fraudulent patent rights, is misplaced.

Nor is the purportedly conflicting testimony of Mr. Valenzuela and Dr. Soares the type of conduct that is in any meaningful sense comparable to fabricating the article at issue in *Hazel-Atlas*. *Hazel-Atlas* actually addresses this very point, stating:

> Every element of the fraud here disclosed demands the exercise of the historic power of equity to set aside fraudulently begotten judgments. This is ***not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury***. Here . . . we find a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals.

*Hazel-Atlas*, 322 U.S. at 245 (emphasis added).

Finally, the Court recognizes that there were significant, arguably pertinent decisions handed down by the Federal Circuit after the sanctions motion was briefed and argued. The Court directed the parties to file letter briefs addressing the relevance, if any, of the Federal Circuit's affirmance of this Court's dismissal of NOVA's independent action and that Court's reversal of this Court's judgment awarding supplemental damages to Dow for NOVA's patent

---

[6]In the amended complaint NOVA, too, pled that this case is exceptional (although its reasoning for this conclusion was, of course, quite different). (*See* D.I. 11 at 43)

infringement. (*See* D.I. 56, 58-61)  Having considered the parties' submissions, the Court

concludes that while both of the appellate decisions are fair considerations under § 285 – which

requires the Court to assess whether, under the totality of the circumstances, this case is

exceptional – they do not make this case anything other than exceptional.  Just because the

patents that launched a decade of litigation between these parties have now, after *Nautilus*, been

declared indefinite (after having been found on appeal pre-*Nautilus* to be not indefinite) does not

justify NOVA's decision to pursue this extraordinary, independent action.[7]

     In sum, having considered this case in comparison to the full panoply of patent cases in

which the undersigned judge has been involved, this case "stands out from others."  It is

exceptional.  The Court will grant Dow's request for attorney fees under § 285.

     **C.**     **Court's Inherent Authority**

     A finding of is required for sanctions under the Court's inherent authority, just as it is

required for sanctions under 28 U.S.C. § 1927.  For the reasons discussed above in connection

with § 1927, the Court will deny sanctions on the basis of its inherent authority.

**IV.**     **CONCLUSION**

     For the foregoing reasons, the Court will grant in part and deny in part Defendant's

Motion for Sanctions, Attorneys' Fees, and Costs.  An appropriate Order follows.

---

[7]One of the reasons for the high burden imposed on parties challenging a final judgment under Rule 60 is the desire for finality.  Finality is of great importance not just to courts, but to litigants as well.