IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVA CHEMICALS CORPORATION (CANADA), and NOVA CHEMICALS INC. (DELAWARE),<br><br>       Plaintiff,<br><br>  v.<br><br>THE DOW CHEMICAL COMPANY,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 13-1601 (LPS)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION AND [PROPOSED] ORDER REGARDING ATTORNEYS' FEES

WHEREAS, the Court issued a Memorandum Opinion on September 30, 2015, in which the Court awarded Defendant The Dow Chemical Company ("Dow") its attorneys' fees in this litigation pursuant to 35 U.S.C. § 285 (D.I. 62);

WHEREAS, the Court ordered the parties to submit their positions on how the Court should determine the appropriate amount of attorneys' fees to award to Dow by October 9, 2015 (D.I. 63), extended to October 14, 2015 by stipulation (D.I. 64);

WHEREAS, the parties have met and conferred and agreed on the proposed procedure set forth below, subject to the approval of the Court;

IT IS HEREBY STIPULATED AND AGREED by the parties, subject to the approval of the Court, as follows:

1. Within thirty (30) days of the date of this Order, Dow shall produce to NOVA Dow's bills and other supporting documentation substantiating the quantum of allowable attorneys' fees and expenses that Dow is seeking to recover under 35 U.S.C. § 285, along with an explanation justifying the reasonableness of such fees and expenses claimed in light of the

services provided to Dow by its counsel and all supporting documentation upon which Dow intends to rely to support the reasonableness of its fees.

2. Based on the information exchanged in accordance with paragraph 1 above, the parties shall meet and confer in an effort to reach an agreed-upon award of attorneys' fees and expenses no later than fourteen (14) days after Dow produces the information noted in paragraph 1.

3. Unless the parties agree on the amount of fees and expenses, NOVA shall make the substance of its objections known to Dow during the course of the meet and confer. Dow may, no later than three (3) days from the date of the meet and confer noted in paragraph 2, request and Nova shall produce bills and/or other supporting documentation from NOVA that are relevant to any of NOVA's objections, which will be produced by NOVA no later than thirty (30) days from the date of Dow's request for such relevant documentation. If the parties cannot agree on the scope of relevance or the scope of NOVA's document production, the parties shall approach the Court for resolution of the parties' dispute using the "Discovery Matters" Procedures set forth on pages 2-3 of this Court's June 18, 2014 Revised Procedures for Managing Patent Cases.

4. To the extent the parties are unable to reach an agreed-upon award of attorneys' fees and expenses, the parties shall present the dispute to the Court as follows:

a. Dow shall make its submission to the Court regarding its request for fees and expenses, including an Opening Brief, limited to points that were raised during the course of the meet and confer noted in paragraph 2, and any supporting declarations and other documentation, no later than twenty (20) days after NOVA produces the information Dow requested in paragraph 3 or, if the parties bring a dispute to the Court pursuant to paragraph 2

above, no later than twenty (20) days after resolution of the dispute or NOVA's production of documents in connection with the dispute, whichever is later, or if Dow has not requested any information, twenty (20) days after the date of the meet and confer noted in paragraph 2.

      b. Nova may file an Answering Brief stating objections to and comments on Dow's submission that were raised during the course of the meet and confer noted in paragraph 2 no later than twenty (20) days from the date of Dow's submission, including any supporting declarations and other documentation that NOVA would like the Court to consider.

      c. Dow may file a Reply Brief in support of its requested fees and expenses no later than ten (10) days from the date of NOVA's Answering Brief.

      5. The bills and other supporting documentation of paragraphs 1 and 3 need not be filed with the Court unless they are used to support points made in Dow's Opening Brief, NOVA's Answering Brief, or in Dow's Reply Brief, in which case such portions will be filed along with their respective briefs.

| | |
|---|---|
| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ David E. Moore* | */s/ Ethan H. Townsend* |
| Richard L. Horwitz (#2246) | Rodger D. Smith II (#3778) |
| David E. Moore (#3983) | Ethan H. Townsend (#5813) |
| Bindu A. Palapura (#5370) | 1201 N. Market Street |
| 1313 N. Market Street | P.O. Box 1347 |
| Hercules Plaza, 6th Floor | Wilmington, DE  19899-1347 |
| P.O. Box 951 | (302) 658-9200 |
| Wilmington, DE  19899-0951 | rsmith@mnat.com |
| (302) 984-6000 | etownsend@mnat.com |
| rhorwitz@potteranderson.com | |
| dmoore@potteranderson.com | *Attorneys for Defendant* |
| bpalapura@potteranderson.com | *The Dow Chemical Company* |

*Attorneys for Plaintiffs Nova Chemical Corporation (Canada) and Nova Checmicals Inc. (Delaware)*

SO ORDERED this ___ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE, CHIEF

9555441